UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elaine S. Ogilvie,                                        Civil No. 07-1289 (JRT/FLN)

    Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**

Diane I. Howlett,

    Defendants.

_____

Paul F. Schweiger, Esq., for Plaintiff.
Susan Hettich, Esq., for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 20, 2007, on Plaintiff's motion for remand [#6]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion be denied.

## I.   FINDINGS OF FACT

On August 5, 2004, Plaintiff Elaine Ogilvie and Defendant Diane Howlett were involved in a motor vehicle accident (hereinafter "accident") in Chisago County, Minnesota. Plaintiff filed a Summons and Complaint dated January 24, 2007, in the district court for Chisago County. (Affidavit of Paul F. Schweiger (hereinafter "Schweiger Aff."), Ex. A.) In her complaint Plaintiff alleges that she has been permanently injured as a result of the accident allegedly caused by Defendant's negligence. (Schweiger Aff. Ex. A.) Plaintiff seeks damages for alleged medical expenses, pain, disability, emotional distress, past wage loss, and reduced earning capacity. (Schweiger Aff. Ex. A.) In her complaint Plaintiff requests an award of compensatory damages in excess of $50,000. (Schweiger Aff. Ex. A.)

On February 20, 2007, Defendant removed Plaintiff's state court action to this district. (Docket Number 1.) Plaintiff thereafter filed the present motion to remand this case back to state court. (Docket Number 6.) Plaintiff argues that this Court lacks jurisdiction over the present case because Defendant cannot sufficiently establish with any reasonable certainty that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. (Mem. at 2-3.) Defendant opposes Plaintiff's motion and argues that Defendant can establish with reasonable certainty that the matter in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs.

## II.   STANDARD OF REVIEW

Where a case has been removed to federal court from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A party seeking to remove a case to federal court bears the burden of demonstrating that the action was properly removed and that federal subject matter jurisdiction exists for the action. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993). When reviewing a motion for remand, the district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id*.

28 U.S.C. § 1332 provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Where, as here, the complaint is inconclusive as to the amount in controversy, the Court may look to information outside the complaint to determine the amount in controversy." *Wolff v. Aventis Cropscience USA Holding, Inc.*, 2001 WL 34624002 * 2 (D.Minn.2001) (citing *United Food & Commercial Workers*

*Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir.1994)).

"When the complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount." *Dydra v. Wal-Mart Stores, Inc.*, 41 F.Supp.2d 943, 948 (D.Minn.1999) (citing *Jil McCorkindale v. American Home Assurance Company/AIC*, 909 F.Supp. 646, 652 (N.D.Iowa.1995) and *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)).  This Court has previously concluded that "[t]he removing defendant can sufficiently meet [the] . . . burden [of proving amount in controversy] by submitting proof that a plaintiff's verdict reasonably may well exceed [the amount in controversy], or if, on the face of the complaint, it is apparent that the claims are likely above that amount."  *McNeilus Truck and Mfg., Inc. v. Hunt*, 2001 WL 837940 * 2 (D.Minn.2001) (citing *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)).  The facts establishing jurisdiction must be judged at the time of removal.  *Dydra*, 41 F.Supp.2d at 946.

### III. LEGAL ANALYSIS

**A. Defendant Has Met Her Burden to Prove that the Amount in Controversy Meets the Jurisdictional Amount.**

Viewing the evidence that Defendant has submitted, the Court concludes that Defendant has met her burden to prove by a preponderance of the evidence that, at the time of removal, the amount in controversy reasonably may well exceed the sum or value of $75,000, exclusive of interest and costs.  Defendant notes that, on December 18, 2006, Plaintiff's attorney stated that Plaintiff's medical and chiropractic expenses on that date were "in excess of $14,972.69." (Affidavit of Susan Hettich (hereinafter "Hettich Aff.") Ex. 1 at 2.)  This amount does not include additional medical care that Plaintiff may have received between December 18, 2006, and February 20, 2007, the date

on which this action was removed to federal court.

On October 24, 2006, Dr. Anthony Hall opined that Plaintiff "sustained a permanent injury." (Hettich Aff. Ex. 2 at 1.) Dr. Hall opined that Plaintiff would "likely need ongoing care in the future at a frequency of perhaps 6-12 treatments with [Dr. Hall] over the next 12 months for this injury" and Dr. Hall opined that the "[e]stimated cost of 12 visits [was] . . . approximately $750 to $1500." (Hettich Aff. Ex. 2 at 2.) Therefore, at the time of removal, Defendant knew that Plaintiff's alleged medical expenses were, based on a conservative estimate, approximately $16,000.00.

In addition, at the time of removal, Plaintiff claimed that Defendant's alleged negligence "caused [Plaintiff] to sustain a $9,000.00-$10,000.00 reduction in her earning capacity. (Hettich Aff. Ex. 1 at 2.) Plaintiff was only 30 years old at the time of the accident. (Hettich Aff. Ex. 1 at 1.) Plaintiff's young age could reasonably have an impact on the amount of alleged damages related to her reduction in her future earning capacity. Assuming Plaintiff is expected to work for another 30 years, her alleged reduction in her future earning capacity would be approximately $300,000. Even assuming that Plaintiff is only expected to work for another seven years, a conservative estimate of Plaintiff's alleged reduction in her future earning capacity would be approximately $63,000.

Not only does Plaintiff seek to recover damages for future reduction of earning capacity and medical expenses, but she also seeks to recover damages for pain, disability and emotional distress. While these damages have not been quantified, it is sufficient to note their existence for the purposes of this analysis, as the Court concludes that Defendant has met its burden to prove beyond a preponderance of the evidence that "plaintiff's verdict reasonably may well exceed [the amount in controversy]." *McNeilus Truck and Mfg., Inc. v. Hunt*, 2001 WL 837940 * 2 (D.Minn.2001) (citing

*Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)). At the time of removal, by looking at the total of Plaintiff's medical costs as of December 18, 2006, in addition to Plaintiff's claim of future wage loss of $9,000 to $10,000 per year, Defendant had a good faith and reasonable basis to conclude that Plaintiff's verdict reasonably may well exceed $75,000, exclusive of costs and interest. Therefore, the Court recommends that Plaintiff's motion for remand [#6] be denied.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for remand [#6] be **DENIED**.


DATED: April 25, 2007                            s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 14, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 14, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.